UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Game And Technology Co., Ltd. | |
| Plaintiff, | Civil Action No.: |
| v. | |
| | 2:15-cv-1260-RWS-RSP |
| Wargaming Group Limited | |
| Defendant | |

OPPOSITION TO
WRGAMING'S MOTION TO TRANSFER

TABLE OF CONTENTS

I.     SUMMARY OF THE OPPOSITION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    RELEVANT FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      A.     The Patents-in-Suit and the Accused Systems . . . . . . . . . . . . . . . . . . . . . . . . . 2

      B.     Related Cases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      A.     Applicable Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      B.     Wargaming's Motion to Transfer Should Be Denied . . . . . . . . . . . . . . . . . . . 4

           I.     The Private Interest Factors Do Not Favor Transfer . . . . . . . . . . . . . . . . . 4

                (1)    Access to sources of proof is a neutral factor . . . . . . . . . . . . . . . 4

                (2)    Availability of compulsory process is a neutral factor . . . . . . . . . 5

                (3)    The cost of attendance for willing witnesses is a neutral factor . . 6

                (4)    The existence of practical problems weighs strongly against
                      transfer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

           II.    The Public Interest Factors Do Not Favor Transfer . . . . . . . . . . . . . . . . . 9

                (1)    The administrative difficulties resulting from the court congestion
                      weigh against transfer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

                (2)    Local Interest - Both districts have an interest in deciding this
                      dispute and thus, this factor is neutral . . . . . . . . . . . . . . . . . . . . 10

      (3 & 4) The remaining two factors are neutral . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

IV.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**TABLE OF AUTHORITIES**

**CASES**

*See American Standard, Inc.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
       No. 73CV670-W-B487 F. Supp. at 261

*AT&T Intellectual Prop. I, L.P. v. Airbiquity Inc.*
       No. 3:08-cv-1637-M, 2009 U.S. Dist. LEXIS 25100 (N.D. Tex. Mar. 24, 2009) . . . . . . 3

*Azure Networks, LLC v. CSR plc*
       No. 6:11-cv-139, 2012 U.S. Dist. LEXIS 114497 (E.D. Tex. June 25, 2012) . . . . . . . . . 6

*Centre One v. Vonage Holdings Corp.*
       No. 6:08CV467, 2010 U.S. Dist. LEXIS 84258 (E.D. Tex. Aug. 17, 2010) . . . . . . . . . . 8

*Effectively Illuminated Pathways, LLC v. Aston Martin Lagonda of N. Am., Inc.*
       No. 6:11-cv-32, 2012 U.S. Dist. LEXIS 114502 (E.D. Tex. Apr. 19, 2012) . . . . . . . . . . 5

*Eolas Techs., Inc. v. Adobe Sys, Inc.*
       No. 6:09-CV-446, 2010 U.S. Dist. LEXIS 104125 (E.D. Tex Sept. 28, 2010) . . . . . . . . 4

*Gebr. Brasseler GmBH & Co. KG v. Abrasive Tech., Inc.*
       No. 1:08-CV-1246, 2009 U.S. Dist. LEXIS 25926 (E.D. Va. Mar. 27, 2009) . . . . . . . . . 7

*Gellman v. ADT Sec. Servs.*
       No. 2:07-CV-0282, 2008 U.S. Dist. LEXIS 70398 (E.D. Tex. Sept. 10, 2008) . . . . . . . . 7

*Georgia-Pacific Corp. v. United States Plywood Corp.,* 318 F. Supp. 1116 (S.D.N.Y. 1970) . . 6

*Helicos Biosciences Corp. v. Illumina, Inc.,* 858 F. Supp. 2d 367 (D. Del. 2012) . . . . . . . . . . . 10

*In re Vistaprint Ltd.,* 628 F.3d 1342 (Fed. Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Volkswagen AG,* 371 F.3d 201 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

*In re Volkswagen of America, Inc.,* 545 F.3d 304 (5th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . 3

*Lear Corp. v. TS Tech USA Corp.*
       No. 2:07-CV-406, 2008 U.S. Dist. LEXIS 105072 (E.D. Tex. Sept. 10, 2008) . . . . . . . . 7

*Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*
       No. 6:11CV495, Dkt. No. 495 (E.D. Tex. Mar. 15, 2013) . . . . . . . . . . . . . . . . . . . . . . . 9

*Regents of the Univ. of Cal. v. Eli Lilly & Co.,* 119 F.3d 1559 (Fed. Cir. 1997) . . . . . . . . . . . . . 7

*Siverston v. Clinton*
    No. 3:11-cv-0836-D, 2011 U.S. Dist. LEXIS 104097 (N.D. Tex. Sept. 14, 2011) . . . . . 6

*Smart Audio Techs., LLC v. Apple, Inc.*
    No. 12-134, 2012 U.S. Dist. LEXIS 167340 (D. Del. Nov. 16, 2012) . . . . . . . . . . . . . . 10

*Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Uniloc v. Activision Blizzard*, 13-cv-256 LED, docket entry #179 . . . . . . . . . . . . . . . . . . . . . . . . 9

I.       SUMMARY OF THE OPPOSITION

Plaintiff, Game and Technology (GAT) respectfully submits this Opposition to Wargaming's motion to transfer this case to the Northern District of California. For the reasons set forth herein, Wargaming's Motion should be denied.

Wargaming contends this patent infringement lawsuit belongs in the Northern District of California and that all of the transfer factors weigh in its favor. However, Wargaming only acknowledges the existence of three related matters: *Game and Tech. Co., Ltd. v. Blizzard Entm't, Inc.*, No. 2:15-cv-01257-RWS-RSP; *Game and Tech. Co., Ltd. v. Riot Games.*, No. 2:15-cv-01258-RWS-RSP; and *Game and Tech. Co., Ltd. v. Valve Coporation*, No. 2:15-cv-01259-RWS-RSP, which compel strongly against transfer, in a footnote. These related cases are located in the Eastern District of Texas and thus the interests of judicial economy and avoiding duplication of effort and the potential for inconsistent rulings is best avoided by retaining all cases in a single district. "The existence of multiple lawsuits involving the same issues 'is a paramount consideration when determining whether a transfer is in the interest of justice.'" *In re Vicor Corp.*, 493 Fed. Appx. 59, 61 (Fed. Cir. 2012) (quoting *In re Volkswagen III*, 566 F.3d at 1351).

Wargaming also argues that the accused products in the other cases are different, that they were developed independently, and there is no indication that the relevant features of the accused products operate in a similar manner. However, even if we were to consider that Wargaming`s empty assertions are correct, these assertions have no logical link to convenience, and do not support transfer this case.

Wargaming's assertion that the original game developers have the most important information is simply incorrect in a patent case. It is not important how an accused product

came about or who developed it. The critical knowledge is in Texas and Game and Technology chose Texas as the place to register to do business as a foreign corporation and the location to file suit to enforce its US Patent rights.

For these reasons and for the reasons indicated below, Defendant Wargaming has not fulfilled its burden to prove that the Northern District of California is a "clearly more convenient" venue than the Eastern District of Texas, as all factors used to analyze whether a motion to transfer venue should be granted are either neutral or weighs against transfer.

II. **RELEVANT FACTS**

A. **The Patent-in-Suit and the Accused Systems**

GAT alleges that Wargaming infringes U. S. patent 7,682,243 by the sale and support of the World of Warplanes and World of Tanks games produced and distributed by Wargaming.

B. **Related Cases**

This matter is one of two pending cases filed by GAT in the Eastern District of Texas for infringement of the '243 patents. All two matters were filed in July of 2015. This Court has consolidated two matters with the other two matters for pretrial purposes, except for venue purposes. Discovery in an advanced stage, and transfer would disturb the pace of discovery. Valve has moved to transfer this case to the Western District of Washington. Defendants Blizzard and Riot have also moved to transfer their cases out of the Eastern District of Texas, to a third venue, the Central District of California. Consolidation and denial of transfer, for the sake of judicial economy and consistency of judgement therefor favors denial of Wargaming's motion to transfer.

Furthermore, Defendant Wargaming`s motion must be denied as the passage of time and its delay in filing its motion causes undue prejudice or is considered dilatory. *See American*

*Standard, Inc.*, 487 F. Supp. at 261. Defendant`s motion causes undue burden and is dilatory specially in view of the fact that Defendant Wargaming filed its motion after this Court have already consolidated this case with the other three cases, and at least eight months after Blizzard, Riot, and Valve have filed their respective motion to transfer venue. For this reason alone, this motion must also be dismissed.

### III. ARGUMENT

#### A. Applicable Law

28 USC Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." While it is within a district court's sound discretion to transfer venue, the court must evaluate the particular circumstances, and the party seeking transfer must show good cause, demonstrating that the transferee venue is **"clearly more convenient."** *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (emphasis added). Convenience must for all parties, the Court and the proper administration of and interest of justice, not just more convenient for Wargaming.

When deciding whether to transfer venue, a district court balances the private interests of the parties and the public interests in the fair and efficient administration of justice. *See In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Nintendo*, 589 F.3d at 1198; *In In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The public interest factors are: (1) the

administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign laws. *In re Nintendo*, 589 F.3d at 1198; *In re Volkswagen I*, 371 F.3d at 203.

A plaintiff's choice of venue, while not a strict factor in the analysis, is an important part of a defendant's burden to show good cause for transfer. *In re Volkswagen*, 545 F.3d at 315. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314–15.

Indeed, the "burden on the movant is 'significant,' and for a transfer to be granted, the transferee venue must be 'clearly more convenient than the venue chosen by the plaintiff.'" *AT&T Intellectual Prop. I, L.P. v. Airbiquity Inc.*, No. 3:08-cv-1637-M, 2009 U.S. Dist. LEXIS 25100, at *3 (N.D. Tex. Mar. 24, 2009) (quoting *In re Volkswagen*, 545 F.3d at 315).

As detailed below, Wargaming has not met its burden.

### B.     Wargaming's Motion to Transfer Should Be Denied

### I.     The Private Interest Factors Do Not Favor Transfer

#### *(1)     Access to sources of proof is a neutral factor.*

Wargaming has not demonstrated that the relative ease of access to sources of proof favors transfer. Although certain Wargaming employee-witnesses and proof may be located in California, third party witnesses and documents with equal knowledge are likely located throughout the United States and abroad, and all of its documents are electronic and can be equally accessed from any location and thus physical location of a server is of little, if any, weight. *See, e.g.*, *Gebr. Brasseler GmBH & Co. KG v. Abrasive Tech., Inc.*, No. 1:08-CV-1246,

2009 U.S. Dist. LEXIS 25926, at *8 (E.D. Va. Mar. 27, 2009).  Furthermore, Wargaming has been producing and likely will continue to produce its documents and answering discovery requests in electronic form (as opposed to physical files).

The argument that third party documents and or witnesses may also be located in California is pure speculation. Third Party NHN Entertainment was a transitory post issuance owner of the patent, no inventors are located in California and no developers are located in California, no development documents, notebooks, etc. were ever at NHN. Third party NHN's location in California is a red hearing. Third party witnesses and material are likely located throughout the United States and the potential relevance to any issue in this matter at this stage is pure conjecture. The location of a trial court has no bearing on the ease of access in discovery.

Additionally, as indicated by Wargaming, "[t]he accused products themselves were developed by affiliates or contractors of Wargaming in facilities in Belarus (*World of Tanks*), and Ukraine (*World of Warplanes*). (*Id.* at ¶ 5.) The individuals most knowledgeable about the design, development, and testing of these products are located in these respective locations, as is the bulk of documents or records relevant to those issues." (p.3, Dkt #5).  Defendant Wargaming assertions is contrary to its position in its motion that individuals most knowledgeable about the relevant operation, support, and marketing of the accused products are located in Wargaming's Emeryville office.  This demonstrates that access to source of proof is a neutral factor. (*Id.*)

No inventors of the patent in suit are located in California.

It is unlikely that Wargaming will have any difficulty in bringing its employee witnesses to Texas if Wargaming believes them necessary for trial.  The proximity of Wargaming's physical facilities to any courthouse does not increase the ease of access to electronic documents during trial. Whatever documentary evidence the parties intend to introduce at trial will be in

their counsel's possession prior to the trial date, and Wargaming has not shown that any of its documents, or those belonging to potential third-parties, cannot be sent to this District. Because modern technology has eased the access to sources of proof in a case such as this, this factor is neutral.

*(2) Availability of compulsory process is a neutral factor.*

The availability of compulsory process to secure the attendance of witnesses is neutral. Neither this District nor the Northern District of California enjoys total subpoena power (for depositions and to attend trial) over all relevant witnesses. Wargaming bears the burden, by more than mere supposition or speculation, of demonstrating and identifying third-party witnesses that would benefit from transfer. *See, e.g., Effectively Illuminated Pathways, LLC v. Aston Martin Lagonda of N. Am., Inc.*, No. 6:11-cv-32, 2012 U.S. Dist. LEXIS 114502, at *24 (E.D. Tex. Apr. 19, 2012). It has not met this burden.

Although Wargaming speculates that it will elicit evidence from witnesses located in California, it has not shown that any witness attendance will be required at trial. Wargaming limits to mention vague and speculative alleged prior art. (p.4, Dkt #5). Infringement and validity, triable issues, hinge on expert testimony, not third party testimony. Equally unlikely is that the testimony of Wargaming employee will prove critical or pivotal, even if proffered at all at trial. Wargaming asserts that its employees involved in marketing, support teams are located in California however, it is the current product which is accused of infringement, not the way the product is marketed, not the manner in which customer support are performed.

Regardless, if any testimony is required that is outside of the trial subpoena power of the Court, it will likely be taken by video deposition and (if necessary) played or read into the record at trial.

Neither district enjoys total subpoena power over third party witnesses likely to attend to require compulsory process. For this reason alone, Wargaming has not shown that the availability of compulsory process favors transfer. *See, e.g., Siverston v. Clinton,* No. 3:11-cv-0836-D, 2011 U.S. Dist. LEXIS 104097, at *14 (N.D. Tex. Sept. 14, 2011) ("Because the [party seeking transfer] has not identified any witnesses for whom compulsory process will be needed, the court finds that this factor is neutral.")

  (3) ***The cost of attendance for willing witnesses is a neutral factor.***

This factor is analyzed giving broad "consideration to the parties and witnesses in all claims and controversies joined in a proceeding." *Eolas Techs., Inc. v. Adobe Sys, Inc.*, No. 6:09-CV-446, 2010 U.S. Dist. LEXIS 104125, at *24 (E.D. Tex Sept. 28, 2010) (citing *In re Volkswagen*, 371 F.3d at 204). "Additionally, the convenience of non-party witnesses is given greater weight than that of party witnesses." *Azure Networks, LLC v. CSR PLC*, No. 6:11-CV139, 2012 U.S. Dist. LEXIS 114497, at *27 (E.D. Tex. June 25, 2012). The diffuse nature of this action imposes inconvenience on the parties and witnesses, regardless of the forum. Thus, as shown below, this factor is neutral.

Wargaming, in asserting local employees in California, neglects to cite to the fact that it also employs significant personnel outside of California, this includes its affiliated company Wargaming.net LLP, a partnership organized under the laws of the United Kingdom (p.2, Dkt #27) and its Belarus` and Ukraine`s facilities (p.3, Dkt #5). Wargaming also asserts that Wargaming`s "Austin office conducts general research on topics such as the gaming industry, player behavior and game defects. (*Id.*) When the results of that research would be relevant to the accused products, employees in Austin report those results to colleagues in Wargaming's Emeryville, California office or elsewhere." (p.3, Dkt 5). GAT agrees with Defendant`s assertion

that research done by its employees in Texas would be relevant for this case, which weighs in against transfer. In the same passage Defendant suggests that only its employees in Texas are capable of reporting to the California office, while their employee in California could not do the same. Defendant`s argument that the fact that some of its employees are in California weighs in favor of transfer is red hearing, and cannot be a factor in favor of transfer specially in view of the significant roles of its employees in Texas.

Furthermore, although certain Wargaming witnesses may be employed in the Northern District of California, other witnesses with equal knowledge, reside throughout the United States. The burden on travel is not as great as Wargaming contends. Plaintiff GAT has the greatest travel burden which will not be minimized by a transfer. As opposed to Defendant`s suggestions, the fact that there might be no direct flights available from Seoul to Shreveport, and that there might be multiple available direct flights from Seoul to one airport at the Northern California is irrelevant, as any additional expense or travel time is insignificant in view of the expense and travel time of a flight from Seoul to the United States.

More importantly, potential third-parties reside outside of both districts. Wargaming has not demonstrated that witnesses residing at various locations across the country would be willing to testify at trial, or even that their live testimony will be required. *See Lear Corp. v. TS Tech USA Corp.*, No. 2:07-CV-406, 2008 U.S. Dist. LEXIS 105072, at *5 (E.D. Tex. Sept. 10, 2008) ("The moving party must 'specifically identify key witnesses and outline the substance of their testimony.'") (citations omitted); *Gellman v. ADT Sec. Servs.*, No. 2:07-CV-0282, 2008 U.S. Dist. LEXIS 70398, at *11 (E.D. Tex. Sept. 10, 2008) ("[Defendant] fails to specifically identify key non-party witnesses, outline the substance of their testimony, and show that these witnesses would either be unwilling to or inconvenienced by traveling to Texas. In the court's view, the

convenience of non-party witnesses [is] neutral as to transfer."). Thus, this factor is neutral.

### (4) The existence of practical problems weighs strongly against transfer.

The fourth and final private interest factor—the existence of practical problems—weighs most strongly against transfer. Wargaming recognizes the value of consolidation in a single district but downplays this factor. As this Court explained in Uniloc v Activision Blizzard, 13-cv-256 LED in docket entry #179 (Ex C, p. 7):

> Practical problems include those that are rationally based on judicial economy. Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer. *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("*In re Volkswagen III*"). Further, "the existence of multiple lawsuits involving the same issues 'is a paramount consideration when determining whether a transfer is in the interest of justice.'" *In re Vicor Corp.*, 493 Fed. Appx. 59, 61 (Fed. Cir. 2012) (quoting *In re Volkswagen III*, 566 F.3d at 1351).

The "[c]onsideration of the interest of justice, which includes judicial economy, 'may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result.'" *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (internal citations omitted); *see also In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010) ("[C]ourts have consistently held that judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice").

This lawsuit is one of two pending cases involving the patent in suit, and this Court has ordered that they be consolidated with other two cases for pretrial purposes (except for venue purposes).

The Court and the parties have a substantial interest in ensuring a consistent adjudication of the patents in suit across the separate actions, all filed in this District. Transferring this case to another district would require two - or more - different judges to simultaneously consider issues

relating to discovery, claim construction, infringement, validity, and the like, which could lead to inconsistent results. The near certainty of such "co-pending litigation" weighs strongly against transfer. *See, e.g., Centre One v. Vonage Holdings Corp.*, No. 6:08CV467, 2010 U.S. Dist. LEXIS 84258, at *18 (E.D. Tex. Aug. 17, 2010) ("Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer.") (citation omitted). Recently, this Court noted:

> [R]egardless of the disposition of this transfer motion, this Court will be tasked with all of the obligations that come with these patent-infringement suits. Most importantly, the Court will construe the patents' claims and rule on dispositive substantive motions in the cases that remain before it. It would be highly inefficient to ask a court in the District of New Jersey to oversee Norman's case against BMW, when this Court must already oversee Norman's cases against several other defendants. Accordingly, this factor weighs against transfer.
> *Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, No. 6:11CV495, Dkt. No. 467 at 9 (E.D. Tex. Mar. 15, 2013) (Ex. D).

Wargaming ignores these efficiency considerations in its present Motion. As this Court in Uniloc v. Activision Blizzard (Ex C, pp. 7-8) stated:

> "Keeping these co-pending and related cases together will preserve time and resources for the parties and the Court and promotes judicial economy. Transfer would result in duplicate and repetitive efforts in multiple courts, increasing the burden of time, resources, and money on the judicial system and the parties. Accordingly, this factor weighs strongly against transfer."

Thus, in light of the discretion afforded district courts "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness," judicial economy and consistency weigh heavily against transferring this case elsewhere. *See, e.g., Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

Wargaming seems to suggest that GAT attempts to "manipulate venue by serially filing cases". (p.12, Dkt #5). Defendant, however, does not support its assertion with any evidence. Defendant attempts to compare GAT`s four carefully crafted cases against four defendants with

*GeoTag* cases, wherein over 100 cases were filed against more than 400 defendants, asserting a common patent. 2013 WL 890484, at *6. Defendant compares oranges to apples. Defendant`s unreasonable is striking as *GeoTag* significantly different from this case or from any of the consolidated cases.

Overall, the private interest factors do not favor transfer.

## II. The Public Interest Factors Do Not Favor Transfer

This is a patent litigation regarding a product sold nationwide. Wargaming has employees throughout the world, including through its affiliated company Wargaming.net LLP, and through its facilities in Belarus and Ukraine. Public interest does not favor transfer because this Court can decide the two cases related to the patent in suit, thus providing judicial economy and judicial certainty, both of which are in the public interest. Judicial repetition and conflicting decisions serve no public purpose.

### *Local Interest - Both districts have an interest in deciding this dispute and thus, this factor is neutral.*

Wargaming's argument concerning which court has a greater local interest is misplaced. Local interests are "typically neutral in the context of patent litigation, as 'patent issues do not give rise to local controversy or implicate local interests.'" *Smart Audio Techs., LLC v. Apple, Inc.*, No. 12-134, 2012 U.S. Dist. LEXIS 167340, at *32 (D. Del. Nov. 16, 2012) (internal citations omitted). Patent litigation is typically not a local dispute because it involves constitutionally protected rights and is governed by federal law, subject to reviewed by a court of appeals of national stature, as opposed to regional. *Helicos Biosciences Corp. v. Illumina, Inc.*, 858 F. Supp. 2d 367, 375 (D. Del. 2012). This lawsuit is governed by federal law and was

brought against a company offering products used nationwide.

The location of some potential witnesses in one location does not weigh in the public interest, nor does the location of development activity, when infringement rests on an evaluation of the current accused product, not upon its manner of development. Thus, local interests do not favor transfer; this District has at least an equal interest in deciding this case.

### *(1, 3 & 4) The remaining factors are neutral.*

GAT agrees with Wargaming that the remaining three factors regarding (1) administrative issues relating to congestion (3) conflict of laws and (4) familiarity with the law are neutral.

### IV. CONCLUSION

On balance, the private and public interest factors are either neutral or weigh against transfer. Thus, because Wargaming has not met its substantial burden that transfer to the California is "clearly more convenient" its Motion should be denied.

DATED: July 28, 2016

Respectfully submitted,

 /s/ Joseph J. Zito
Joseph J. Zito
Luiz Felipe Oliveira
DNL ZITO
1250 Connecticut Avenue, N.W., Suite 200
Washington, D.C. 20036
Tel: 202-466-3500

*Attorneys for Plaintiff*
*GAME AND TECHNOLOGY CO., LTD.*

CERTIFICATE OF SERVICE

      I hereby certify that the foregoing Opposition to Motion to Transfer was filed with the CM/ECF systems of the Court for the Eastern District of Texas and served upon counsel for the parties through the CM/ECF service on this 28th day of July, 2016

                                                  /s/ Luiz Felipe Oliveira
                                                  Luiz Felipe Oliveira